her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

43. Defendant has discriminated against Plaintiff on the basis of her race/color in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race/color.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of Section 1981)

46. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against herself and other employees at Defendant by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, withdrawing an agreed upon accommodation for Plaintiff's disabilities, transferring Plaintiff to an overnight shift, and encouraging and/or coercing Plaintiff's co-workers to falsely contradict Plaintiff's truthful allegations of discrimination, harassment and/or retaliation.

48. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish

and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Discrimination and Harassment in Violation of Title VII)

50. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 49, inclusive, as if fully set forth herein.

51. Defendant has discriminated against Plaintiff on the basis of her race/color (Black) and/or national origin (Guyanese) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not Black and/or Guyanese, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

52. Defendant has discriminated against Plaintiff on the basis of her race/color and/or national origin in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race/color and/or national origin.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

55. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Defendant has retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against herself and other employees at Defendant by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, withdrawing an agreed upon accommodation for Plaintiff's disabilities, transferring Plaintiff to an overnight shift, and encouraging and/or coercing Plaintiff's co-workers to falsely contradict Plaintiff's truthful allegations of discrimination, harassment and/or retaliation.

57. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### FIFTH CAUSE OF ACTION

### (Violation of Duty of Reasonable Accommodation Under ADA)

59. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 58, inclusive, as if fully set forth herein.

60. Defendant violated its duty under the ADA to provide Plaintiff with a reasonable accommodation for her disabilities (Knee replacement) when it denied Plaintiff's request for the reasonable accommodation identified by Plaintiff's treating physicians (modified work duties),

failed and refused to engage in discussion with Plaintiff regarding her need for an accommodation, and/or failed and refused to engage in discussion with Plaintiff regarding the potential provision of alternative accommodations after repeatedly denying Plaintiff's request for the accommodation identified by Plaintiff's treating physicians.

61. As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the ADA, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

62. Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### (Discrimination and Harassment in Violation of FEHA)

63. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64. Defendant has discriminated against Plaintiff on the basis of her race/color (Black), national origin (Guyanese) and/or disabilities (knee replacement) in violation of the FEHA by denying her the same terms and conditions of employment available to employees who are not Black, Guyanese and/or disabled, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

65. Defendant has discriminated against Plaintiff on the basis of her race/color and/or national origin in violation of the FEHA by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race/color, national origin and/or disabilities.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FEHA, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and

suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the FEHA)

67. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. Defendant has retaliated against Plaintiff in violation of FEHA for opposing and/or complaining of Defendant's discriminatory practices against herself and other employees at Defendant by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, withdrawing an agreed upon accommodation for Plaintiff's disabilities, transferring Plaintiff to an overnight shift, and encouraging and/or coercing Plaintiff's co-workers to falsely contradict Plaintiff's truthful allegations of discrimination, harassment and/or retaliation.

69. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of FEHA, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

## EIGHTH CAUSE OF ACTION

### (Violation of Duty of Reasonable Accommodation Under FEHA)

70. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 69, inclusive, as if fully set forth herein.

71. Defendant violated its duty under FEHA to provide Plaintiff with a reasonable accommodation for her disabilities (knee replacement) when it denied Plaintiff's request for the reasonable accommodation identified by Plaintiff's treating physicians (modified work duties), failed and refused to engage in discussion with Plaintiff regarding her need for an accommodation, and/or failed and refused to engage in discussion with Plaintiff regarding the potential provision of alternative accommodations after repeatedly denying Plaintiff's request for the accommodation identified by Plaintiff's treating physicians.

COMPLAINT FOR DECLARATORY RELIEF; DISCRIMINATION, et al.
13

72. As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the FEHA, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

### NINTH CAUSE OF ACTION

### (Negligent Hiring, Retention and Supervision)

73. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 72, inclusive, as if fully set forth herein.

74. Defendant has violated its duty as Plaintiff's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Plaintiff's co-workers and supervisors and to reasonably supervise Plaintiff's co-workers and supervisors by, inter alia, failing and refusing to investigate and/or take appropriate disciplinary or other action in response to Plaintiff's repeated verbal and written complaints of discriminatory and harassing conduct by her co-workers and/or supervisors on the basis of her race/color, national origin and/or disabilities.

75. As a direct and proximate result of Defendant's breach of duty to supervise, Plaintiff has been injured and has incurred damages thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of California;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of

these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

Dated August 25, 2014

*/s/ Sam L*

GODFREY J. TENCER
Attorney for Plaintiff
CICILY BRANCH